**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4064**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

DONALD BARNARD NEAL, JR.,

        Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  Malcolm J. Howard, Senior District Judge.  (5:10-cr-00192-H-1)

Submitted:  September 19, 2011    Decided:  September 27, 2011

Before MOTZ, WYNN, and DIAZ, Circuit Judges.

Dismissed in part; affirmed in part by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Donald Barnard Neal, Jr., pled guilty, pursuant to a written plea agreement, to possession of a firearm by a convicted felon, 18 U.S.C. § 922(g) (2006). The district court sentenced Neal to 120 months in prison. Neal now appeals. His attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising one sentencing issue. Neal was advised of his right to file a pro se supplemental brief, but has not filed such a brief. The Government moves to dismiss the appeal of the sentence on the basis of a waiver-of-appellate-rights provision in Neal's plea agreement. We dismiss in part and affirm in part.

A defendant may waive the right to appeal if the waiver is knowing and intelligent. United States v. Poindexter, 492 F.3d 263, 270 (4th Cir. 2007). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the plea colloquy performed in accordance with Fed. R. Crim. P. 11, the waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005). The question of whether a defendant validly waived his right to appeal is a question of law that we review de novo. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

After reviewing the record, we conclude that Neal knowingly and voluntarily waived the right to appeal his

2

sentence, with the exception of a claim that his sentence was above the advisory Guidelines range. We note that the waiver provision was set forth in a separate paragraph of the plea agreement, which Neal signed. Further, he was fully questioned at the properly conducted Rule 11 hearing about the waiver. Accordingly, the waiver is valid. Neal's claim on appeal that his base offense level was improperly calculated falls within the scope of the waiver.[*] We accordingly grant the Government's motion to dismiss Neal's appeal of his sentence.

With respect to Neal's conviction, our review of the transcript of the plea colloquy convinces us that the court complied with the mandates of Fed. R. Crim. P. 11 in accepting Jones' guilty plea. The court advised and questioned Neal as required by the Rule and determined that the plea was voluntary, knowing, and supported by an independent factual basis. See United States v. DeFusco, 949 F.2d 114, 116, 119-20 (4th Cir. 1991). We therefore affirm the conviction.

In accordance with Anders, we have reviewed the entire record for meritorious issues and have found none. We affirm

---

[*] Neal's total offense level was 29, and his criminal history category was V, resulting in a Guidelines range of 140-175 months. However, Neal was statutorily subject to a maximum term of 120 months, see 18 U.S.C. § 924(a)(2) (2006), and his Guidelines range was 120 months. See U.S. Sentencing Guidelines Manual § 5G1.1(a) (2010).

Neal's conviction and dismiss his appeal of his sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED IN PART;
AFFIRMED IN PART